IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **SUSAN MONTELLANO,**<br>**Plaintiff,**<br><br>v.<br><br>**CHARMING SHOPPES INC., d/b/a**<br>**FASHION BUG**<br>**Defendant.** | FILED: JUNE 27, 2008<br>No.   08CV 3677<br>JUDGE HART<br>MAGISTRATE JUDGE COX<br>EDA<br><br>**Jury Trial Requested** |

## COMPLAINT

NOW COMES Plaintiff, SUSAN MONTELLANO, by her counsel, LISA KANE & ASSOCIATES, P.C., and complaining of Defendant, CHARMING SHOPPES INC., d/b/a FASHION BUG, states as follows:

### PRELIMINARY STATEMENT

1.   This action seeks redress for the violation of rights guaranteed to Plaintiff by 42 U.S.C. § 1981. Plaintiff seeks mandatory injunctive relief, declaratory relief and damages to redress Defendant's discriminatory employment practices.

### JURISDICTIONAL STATEMENT

2.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 42 U.S.C. § 1981. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

### VENUE

3.   Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

### PARTIES

4.   Plaintiff, SUSAN MONTELLANO, is a resident of Illinois, of Mexican national

origin and ancestry, who bears Hispanic ethnic characteristics.

5. Defendant, CHARMING SHOPPES INC., d/b/a FASHION BUG, is a corporation properly recognized and sanctioned by the laws of the State of Pennsylvania. At all times relevant hereto, Defendant has conducted, and continues to conduct, business in the State of Illinois.

## COUNT I – 42 U.S.C. § 1981- RACE DISCRIMINATION

6. Paragraphs one (1) through five (5) are incorporated by reference as if fully set out herein.

7. Plaintiff bears the racial characteristics of a Hispanic individual and/or is generally perceived to have such characteristics.

8. Plaintiff began working for Defendant in April 2006 as a Store Manager and was promoted to the position of Area Store Manager in August 2007.

9. Throughout her year career with Defendant, Plaintiff has performed to and in excess of Defendant's reasonable satisfaction at any times material hereto, as evidenced by, without limitation, Plaintiff's promotion, merit-based raises, and bonuses, and any assertion to the contrary is a pretext for discrimination.

10. During her tenure as an Area Store Manager, Plaintiff has achieved demonstrated advances in her store's "recognition" criteria, including substantial improvements in sales, profits, and inventory shrinkage. Such performance has exceeded the results achieved by numerous non-Hispanic Area Store Managers in Plaintiff's region.

11. In February 2008, Defendant demoted Plaintiff's immediate supervisor, Carla Cajas, Hispanic, and replaced Cajas in her position of District Manager with Sue Pedersen, Caucasian. Beginning with District Manager Pedersen's arrival as Plaintiff's supervisor, Defendant has discriminated against Plaintiff on the basis of her race, Hispanic, in a manner not afforded to

Plaintiff's non-Hispanic similarly situated co-workers.

12. Despite Plaintiff's history of excellent performance, immediately upon her arrival District Manager Pedersen initiated a campaign to demote Plaintiff and replace her with a less experienced Caucasian employee.

13. In February 2008, despite not having had an opportunity to observe Plaintiff's performance, District Manager Pedersen informed Plaintiff that she did not know why Plaintiff had been promoted and that she should voluntarily accept a demotion to the position of Training Store Manager.

14. As Plaintiff rejected District Manager Pedersen's request, Pedersen continued to attempt to persuade Plaintiff to voluntarily accept a demotion, to no avail. On one such occasion, Pedersen indicated that she wished to replace Plaintiff with Nakiea Megonnel, a substantially lesser experienced Caucasian employee.

15. Despite Pedersen's continued harassing attempts to demote her employment, Plaintiff continued her excellent performance, including achieving a first place ranking for the Joliet store in Defendant's overall store performance report.

16. In a meeting on June 23, 2008 with District Manager Pedersen, Pedersen informed Plaintiff that Defendant had made the decision to demote Plaintiff to the position of Training Store Manager. As Plaintiff was unwilling to accept this demotion, she was forced to resign from her employment.

17. Defendant's demotion of Plaintiff to the position of Training Store Manager resulted in a constructive termination of Plaintiff's employment with Defendant.

18. In contrast to Plaintiff, Defendant did not demote or constructively terminate other non-Hispanic Area Store Managers, despite their similar or lower performance achievements in

3

comparison to Plaintiff.

19. On information and belief, Defendant has replaced Plaintiff as an Area Store Manager with Nakiea Megonnel, a substantially lesser experienced Caucasian employee.

20. Any reasons proffered by Defendant for constructively terminating Plaintiff's employment are pretext for discriminating against Plaintiff because of her race, Hispanic.

21. The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of her race, Hispanic, by subjecting her to a racially discriminatory work environment and have deprived Plaintiff of the enjoyment of all benefits, privileges, terms and conditions of her employment in violation of 42 U.S.C. § 1981.

22. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SUSAN MONTELLANO, prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race;

C. Order Defendant to make whole SUSAN MONTELLANO by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages

that the Court may deem appropriate against Defendant;

E. Order Defendant to pay lost, foregone, and future wages to SUSAN MONTELLANO;

F. Grant Plaintiff her attorney's fees, costs, disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

23. Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this complaint.

> Respectfully submitted,
> SUSAN MONTELLANO, Plaintiff,
>
> By: s/Lisa Kane
> Lisa Kane, Attorney for Plaintiff

LISA KANE & ASSOCIATES, P.C.
Attorney for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093

08CV 3677
JUDGE HART
MAGISTRATE JUDGE COX
EDA

### Verification

I, SUSAN MONTELLANO, declare under penalty of perjury that the foregoing is true and correct.

Executed on June 26, 2008.

*Susan Montellano*
SUSAN MONTELLANO