IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUSAN MONTELLANO, <br><br>     Plaintiff, <br><br> v. <br><br>CHARMING SHOPPES INC., d/b/a <br>FASHION BUG <br><br>     Defendant. | No. 08 CV 03677 <br><br>Hon. William T. Hart <br> Magistrate Judge Cox <br><br>**Jury Trial Requested** |

## FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, SUSAN MONTELLANO, by her counsel, LISA KANE & ASSOCIATES, P.C., and complaining of Defendant, CHARMING SHOPPES INC., d/b/a FASHION BUG, states as follows:

### PRELIMINARY STATEMENT

1. This is an action seeking redress for violations of rights guaranteed to Plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., and by 42 U.S.C. § 1981. Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's discriminatory employment practices.

### JURISDICTIONAL STATEMENT

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection of and to redress deprivation of rights secured by 42 U.S.C. §§ 2000e et seq. and 42 U.S.C. §1981. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

### VENUE

3. Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

**PARTIES**

4.  Plaintiff, SUSAN MONTELLANO, is a resident of Illinois, of Mexican national origin and ancestry, who bears Hispanic ethnic characteristics.

5.  Defendant, CHARMING SHOPPES INC., d/b/a FASHION BUG, is a corporation properly recognized and sanctioned by the laws of the State of Pennsylvania. At all times relevant hereto, Defendant has conducted, and continues to conduct, business in the State of Illinois.

**PROCEDURE**

6.  Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on June 25, 2008. The EEOC issues Plaintiff a Right to Sue on July 10, 2008, which was received on July 15, 2008. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff initiated this action within said ninety (90) day period.

**COUNT I – 42 U.S.C. § 1981- RACE DISCRIMINATION**

7.  Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

8.  Plaintiff bears the racial characteristics of a Hispanic individual and/or is generally perceived to have such characteristics.

9.  Plaintiff began working for Defendant in April 2006 as a Store Manager and was promoted to the position of Area Store Manager in August 2007.

10. Throughout her year career with Defendant, Plaintiff has performed to and in excess of Defendant's reasonable satisfaction at any times material hereto, as evidenced by, without limitation, Plaintiff's promotion, merit-based raises, and bonuses, and any assertion to the contrary is a pretext for discrimination.

11. During her tenure as an Area Store Manager, Plaintiff has achieved demonstrated advances in her store's "recognition" criteria, including substantial improvements in sales, profits, and inventory shrinkage. Such performance has exceeded the results achieved by numerous non-Hispanic Area Store Managers in Plaintiff's region.

12. In February 2008, Defendant demoted Plaintiff's immediate supervisor, Carla Cajas, Hispanic, and replaced Cajas in her position of District Manager with Sue Pedersen, Caucasian. Beginning with District Manager Pedersen's arrival as Plaintiff's supervisor, Defendant has discriminated against Plaintiff on the basis of her race, Hispanic, in a manner not afforded to Plaintiff's non-Hispanic similarly situated co-workers.

13. Despite Plaintiff's history of excellent performance, immediately upon her arrival District Manager Pedersen initiated a campaign to demote Plaintiff and replace her with a less experienced Caucasian employee.

14. In February 2008, despite not having had an opportunity to observe Plaintiff's performance, District Manager Pedersen informed Plaintiff that she did not know why Plaintiff had been promoted and that she should voluntarily accept a demotion to the position of Training Store Manager.

15. As Plaintiff rejected District Manager Pedersen's request, Pedersen continued to attempt to persuade Plaintiff to voluntarily accept a demotion, to no avail. On one such occasion, Pedersen indicated that she wished to replace Plaintiff with Nakiea Megonnel, a substantially lesser experienced Caucasian employee.

16. Despite Pedersen's continued harassing attempts to demote her employment, Plaintiff continued her excellent performance, including achieving a first place ranking for the Joliet store in Defendant's overall store performance report.

17. In a meeting on June 23, 2008 with District Manager Pedersen, Pedersen informed Plaintiff that Defendant had made the decision to demote Plaintiff to the position of Training Store Manager. As Plaintiff was unwilling to accept this demotion, she was forced to resign from her employment.

18. Defendant's demotion of Plaintiff to the position of Training Store Manager resulted in a constructive termination of Plaintiff's employment with Defendant.

19. In contrast to Plaintiff, Defendant did not demote or constructively terminate other non-Hispanic Area Store Managers, despite their similar or lower performance achievements in comparison to Plaintiff.

20. On information and belief, Defendant has replaced Plaintiff as an Area Store Manager with Nakiea Megonnel, a substantially lesser experienced Caucasian employee.

21. Any reasons proffered by Defendant for constructively terminating Plaintiff's employment are pretext for discriminating against Plaintiff because of her race, Hispanic.

22. The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of her race, Hispanic, by subjecting her to a racially discriminatory work environment and have deprived Plaintiff of the enjoyment of all benefits, privileges, terms and conditions of her employment in violation of 42 U.S.C. § 1981.

23. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, SUSAN MONTELLANO, prays for judgment against Defendant and respectfully requests that this Court:

  A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

  B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race;

  C. Order Defendant to make whole SUSAN MONTELLANO by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

  D. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

  E. Order Defendant to pay lost, foregone, and future wages to SUSAN MONTELLANO;

  F. Grant Plaintiff her attorney's fees, costs, disbursements; and

  G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

### COUNT II - TITLE VII - RACE DISCRIMINATION

24. Paragraphs one (1) through twenty-three (23) are incorporated by reference as if fully set out herein.

25. The aforementioned acts and omissions of Defendant constitute unlawful discrimination against Plaintiff because of her race, Hispanic, in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.

26. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages, physical and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SUSAN MONTELLANO prays for judgment against Defendant and respectfully requests this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate federal law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practices that unlawfully discriminates on the basis of race;

C. Order Defendant to make whole SUSAN MONTELLANO by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Order Defendant to pay lost, foregone and future wages to SUSAN MONTELLANO;

E. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages the Court may deem appropriate against Defendant.

F. Grant Plaintiff her attorney's fees, costs, and disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

27. Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this complaint.

    Respectfully submitted,
    SUSAN MONTELLANO, Plaintiff,

By: s/Lisa Kane
    Lisa Kane, Attorney for Plaintiff

LISA KANE & ASSOCIATES, P.C.
Attorney for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093

EEOC Form 161-B (3/98)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Susan Montellano<br>2535 Crystal Drive<br>Joliet, IL 60435<br><br>CERTIFIED MAIL 7000 1670 0012 6747 3711 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2008-06520 | Pamela Pribble,<br>Investigator Support Asst | (312) 886-7491 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_John P. Rowe_     7-10-08
**John P. Rowe,**     (Date Mailed)
**District Director**

Enclosures(s)

cc:    **FASHION BUG**