IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SUSAN MONTELLANO | ) | |
| | ) | Case No. 08 CV 03677 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Hon. William T. Hart |
| | ) | |
| CHARMING SHOPPES, INC., d/b/a | ) | Magistrate Judge Cox |
| FASHION BUG, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Charming Shoppes, Inc., d/b/a Fashion Bug ("Defendant"), by and through its attorneys, Morgan, Lewis & Bockius LLP, and pursuant to Federal Rules of Civil Procedure 8 and 12, respectfully submits its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint as follows:

**PRELIMINARY STATEMENT**

**Complaint ¶ 1:**

1.      This is an action seeking redress for violations of rights guaranteed to Plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., and by 42 U.S.C. § 1981. Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's discriminatory employment practices.

**ANSWER**:

Defendant admits that the First Amended Complaint purports to seek redress for alleged violations of rights guaranteed by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and 42 U.S.C. § 1981 ("Section 1981"), and that Plaintiff seeks the relief identified in Paragraph 1 of the First Amended Complaint. Defendant denies that it violated Title VII, Section 1981, or any other laws or statutes, and further denies that Plaintiff

is entitled to the relief identified in Paragraph 1 of the First Amended Complaint or any other relief whatsoever.

## JURISDICTIONAL STATEMENT

**Complaint ¶ 2:**

2.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection of and to redress deprivation of rights secured by 42 U.S.C. §§ 2000e et seq. and 42 U.S.C. §1981. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

**ANSWER:**

The allegations contained in Paragraph 2 of the First Amended Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendant admits that this Court has jurisdiction over this matter, and that Plaintiff seeks the relief identified in Paragraph 2 of the First Amended Complaint. Defendant denies the remaining allegations contained in Paragraph 2 of the First Amended Complaint and denies that Plaintiff is entitled to any relief whatsoever.

## VENUE

**Complaint ¶ 3:**

3.  Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

**ANSWER:**

The allegations contained in Paragraph 3 of the First Amended Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendant admits that venue in this Court is proper.

## PARTIES

**Complaint ¶ 4:**

4.  Plaintiff, Susan Montellano, is a resident of Illinois, of Mexican national origin and ancestry, who bears Hispanic ethnic characteristics.

**ANSWER:**

Upon information and belief, Defendant admits that Plaintiff is a resident of Illinois. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of the First Amended Complaint.

**Complaint ¶ 5:**

5.    Defendant, CHARMING SHOPPES INC., d/b/a FASHION BUG, is a corporation properly recognized and sanctioned by the laws of the State of Pennsylvania. At all times relevant hereto, Defendant has conducted, and continues to conduct, business in the State of Illinois.

**ANSWER:**

The allegations contained in Paragraph 5 of the First Amended Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendant admits that Charming Shoppes, Inc. is a Pennsylvania corporation, but denies that it has employed Plaintiff. Defendant denies the remaining allegations contained in Paragraph 5 of the First Amended Complaint.

## PROCEDURE

**Complaint ¶ 6:**

6.    Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on June 25, 2008. The EEOC issues [sic] Plaintiff a Right to Sue on July 10, 2008, which was received on July 15, 2008. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff initiated this action within said ninety (90) day period.

**ANSWER:**

Defendant denies the allegations contained in the first sentence of Paragraph 6 of the First Amended Complaint. Upon information and belief, Defendant admits that the EEOC issued Plaintiff a Notice of Right to Sue on July 10, 2008. Defendant is without knowledge or

information sufficient to form a belief as to the truth of the allegation that this Notice of Right to Sue "was received on July 15, 2008," and therefore is without knowledge or information sufficient to form as belief as to truth of the allegation that Plaintiff initiated this action within 90 days of receiving said Notice. The remaining allegations contained in Paragraph 6 of the First Amended Complaint constitute conclusions of law to which no responsive pleading is required.

### COUNT I – 42 U.SC. § 1981 – RACE DISCRIMINATION

**Complaint ¶ 7:**

7. Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

**ANSWER:**

Defendant restates and incorporates by reference its answers to Paragraphs 1 through 6 of the First Amended Complaint as its answer to Paragraph 7 of the First Amended Complaint.

**Complaint ¶ 8:**

8. Plaintiff bears the racial characteristics of a Hispanic individual and/or is generally perceived to have such characteristics.

**ANSWER:**

The allegations contained in Paragraph 8 of the First Amended Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the First Amended Complaint.

**Complaint ¶ 9:**

9. Plaintiff began working for Defendant in April 2006 as a Store Manager and was promoted to the position of Area Store Manager in August 2007.

**ANSWER:**

Defendant admits that Plaintiff was promoted to the position of Area Sales Manager in August 2007. Defendant denies that it was Plaintiff's employer and denies the remaining allegations contained in Paragraph 9 of the First Amended Complaint.

**Complaint ¶ 10:**

10.     Throughout her year [sic] career with Defendant, Plaintiff has performed to and in excess of Defendant's reasonable satisfaction at any times material hereto, as evidenced by, without limitation, Plaintiff's promotion, merit-based raises, and bonuses, and any assertion to the contrary is a pretext for discrimination.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 10 of the First Amended Complaint.

**Complaint ¶ 11:**

11.     During her tenure as an Area Store Manager, Plaintiff has achieved demonstrated advances in her store's "recognition" criteria, including substantial improvements in sales, profits, and inventory shrinkage. Such performance has exceeded the results achieved by numerous non-Hispanic Area Store Managers in Plaintiff's region.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 11 of the First Amended Complaint.

**Complaint ¶ 12:**

12.     In February 2008, Defendant demoted Plaintiff's immediate supervisor, Carla Cajas, Hispanic, and replaced Cajas in her position of District Manager with Sue Pedersen, Caucasian. Beginning with District Manager Pedersen's arrival as Plaintiff's supervisor, Defendant has discriminated against Plaintiff on the basis of her race, Hispanic, in a manner not afforded to Plaintiff's non-Hispanic similarly situated co-workers.

**ANSWER:**

Defendant admits that Plaintiff's former District Manager, Carla Cajas, was demoted in February 2008 and that Carla Cajas is Hispanic. Defendant admits that Sue Pedersen is Caucasian. Defendant denies the remaining allegations contained in Paragraph 12 of the First Amended Complaint.

**Complaint ¶ 13:**

13. Despite Plaintiff's history of excellent performance, immediately upon her arrival District Manager Pedersen initiated a campaign to demote Plaintiff and replace her with a less experienced Caucasian employee.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 13 of the First Amended Complaint.

**Complaint ¶ 14:**

14. In February 2008, despite not having had an opportunity to observe Plaintiff's performance, District Manager Pedersen informed Plaintiff that she did not know why Plaintiff had been promoted and that she should voluntarily accept a demotion to the position of Training Store Manager.

**ANSWER:**

Defendant admits that District Manager Pedersen offered Plaintiff the opportunity to voluntarily step down from her position of Area Sales Manager to Training Store Manager or Store Sales Manager, and that Pedersen said that she did not know why Plaintiff had been promoted since Pedersen was not Montellano's District Manager at the time of Montellano's promotion and was not involved in that decision. Defendant denies the remaining allegations contained in Paragraph 14 of the First Amended Complaint.

**Complaint ¶ 15:**

15.　As Plaintiff rejected District Manager Pedersen's request, Pedersen continued to attempt to persuade Plaintiff to voluntarily accept a demotion, to no avail. On one such occasion, Pedersen indicated that she wished to replace Plaintiff with Nakiea Megonnel, a substantially lesser experienced Caucasian employee.

**ANSWER:**

Defendant admits that Plaintiff declined Pedersen's invitation to voluntarily step down from her position of Area Sales Manager. Defendant denies the remaining allegations contained in Paragraph 15 of the First Amended Complaint.

**Complaint ¶ 16:**

16.　Despite Pedersen's continued harassing attempts to demote her employment, Plaintiff continued her excellent performance, including achieving a first place ranking for the Joliet store in Defendant's overall store performance report.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 16 of the First Amended Complaint.

**Complaint ¶ 17:**

17.　In a meeting on June 23, 2008 with District Manager Pedersen, Pedersen informed Plaintiff that Defendant had made the decision to demote Plaintiff to the position of Training Store Manager. As Plaintiff was unwilling to accept this demotion, she was forced to resign from her employment.

**ANSWER:**

Defendant admits that Plaintiff resigned from her employment. Defendant denies the remaining allegations contained in Paragraph 17 of the First Amended Complaint.

**Complaint ¶ 18:**

18.　Defendant's demotion of Plaintiff to the position of Training Store Manager resulted in a constructive termination of Plaintiff's employment with Defendant.

**ANSWER:**

The allegations contained in Paragraph 18 of the First Amended Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 18 of the First Amended Complaint.

**Complaint ¶ 19:**

19.     In contrast to Plaintiff, Defendant did not demote or constructively terminate other non-Hispanic Area Store Managers, despite their similar or lower performance achievements in comparison to Plaintiff.

**ANSWER:**

The allegations in Paragraph 19 of the First Amended Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 19 of the First Amended Complaint.

**Complaint ¶ 20:**

20.     On information and belief, Defendant has replaced Plaintiff as an Area Store Manager with Nakiea Megonnel, a substantially lesser experienced Caucasian employee.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 20 of the First Amended Complaint.

**Complaint ¶ 21:**

21.     Any reasons proffered by Defendant for constructively terminating Plaintiff's employment are pretext for discriminating against Plaintiff because of her race, Hispanic.

**ANSWER:**

The allegations in Paragraph 21 of the First Amended Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 21 of the First Amended Complaint.

**Complaint ¶ 22:**

22. The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of her race, Hispanic, by subjecting her to a racially discriminatory work environment and have deprived Plaintiff of the enjoyment of all benefits, privileges, terms and conditions of her employment in violation of 42 U.S.C. § 1981.

**ANSWER:**

The allegations in Paragraph 22 of the First Amended Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 22 of the First Amended Complaint.

**Complaint ¶ 23:**

23. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

**ANSWER:**

The allegations in Paragraph 23 of the First Amended Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 23 of the First Amended Complaint.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Susan Montellano, prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors,

        assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race;

C.    Order Defendant to make whole Susan Montellano by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.    Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

E.    Order Defendant to pay lost, foregone, and future wages to Susan Montellano;

F.    Grant Plaintiff her attorney's fees, costs, disbursements; and

G.    Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

**ANSWER:**

Defendant denies that Plaintiff is entitled to the relief identified in this Prayer for Relief or any other relief whatsoever.

### COUNT II – TITLE VII – RACE DISCRIMINATION

**Complaint ¶ 24:**

24.    Paragraphs one (1) through twenty-three (23) are incorporated by reference as if fully set out herein.

**ANSWER:**

Defendant restates and incorporates by reference its answers to Paragraphs 1 through 23 of the First Amended Complaint as its answer to Paragraph 24 of the First Amended Complaint.

**Complaint ¶ 25:**

25.    The aforementioned acts and omissions of Defendant constitute unlawful discrimination against Plaintiff because of her race, Hispanic, in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.

**ANSWER:**

The allegations contained in Paragraph 25 of the First Amended Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 25 of the First Amended Complaint.

**Complaint ¶ 26:**

26.     As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages, physical and emotional harm.

**ANSWER:**

The allegations contained in Paragraph 26 of the First Amended Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 26 of the First Amended Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Susan Montellano prays for judgment against Defendant and respectfully requests that this Court:

A.  Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate federal law;

B.  Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practices that unlawfully discriminates on the basis of race;

C.  Order Defendant to make whole Susan Montellano by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.  Order Defendant to pay lost, foregone and future wages to Susan Montellano;

E.  Grant Plaintiff actual, consequential, compensatory, punitive and any other damages the Court may deem appropriate against Defendant.

F.  Grant Plaintiff her attorney's fees, costs, and disbursements; and

G.      Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

**ANSWER:**

Defendant denies that Plaintiff is entitled to the relief identified in this Prayer for Relief or any other relief whatsoever.

## JURY TRIAL DEMAND

**Complaint ¶ 27:**

27.     Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this complaint.

**ANSWER:**

Defendant admits that Plaintiff has demanded a jury trial, but denies that Plaintiff is entitled to such a trial.

## AFFIRMATIVE DEFENSES

As for its affirmative defenses, Defendant states as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that they arose outside the applicable statutes of limitation.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred to the extent that she has failed to sufficiently mitigate any alleged damages to which she may be entitled.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent she has failed to exhaust her administrative remedies.

## FOURTH AFFIRMATIVE DEFENSE

Insofar as the allegations or claims in Plaintiff's First Amended Complaint are beyond the scope of the charge filed by Plaintiff with the EEOC, all such allegations or claims are barred, the Court has no jurisdiction over them, and the Amended Complaint fails to state a claim.

## FIFTH AFFIRMATIVE DEFENSE

Defendant exercised good faith efforts to comply with Section 1981 and Title VII and did not act with malice or reckless indifference to Plaintiff's federally protected rights.

## SIXTH AFFIRMATIVE DEFENSE

Defendant reserves the right to plead additional defenses as may be discovered during the course of this litigation.

Dated: August 21, 2008

Respectfully submitted,

CHARMING SHOPPES, INC., d/b/a
FASHION BUG

By: /s Gregory P. Abrams
     One of Its Attorneys

Sari M. Alamuddin
Gregory P. Abrams
Morgan, Lewis & Bockius LLP
77 West Wacker Drive, 5th Floor
Chicago, Illinois  60601
Telephone: 312-324-1000
Facsimile: 312-324-1001

## **CERTIFICATE OF SERVICE**

I, Gregory P. Abrams, an attorney, hereby certify that I served a copy of the foregoing **Defendant's Answer and Affirmative Defenses to Plaintiff's First Amended Complaint** by filing it electronically through the Court's CM/ECF system, which directed a copy to:

Lisa R. Kane
Darren A. Bodner
Janice A. Wegner
Michael S. Young
Tyler Manic
Lisa Kane & Associates, P.C.
120 South LaSalle Street
Suite 1420
Chicago, IL  60603
Ph. (312) 606-0393

on this 21st day of August, 2008.

                                                                            s/ Gregory P. Abrams